UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DON KISER, SHARON KISER,
RON HARE, CHERI HARE, DAVID
SPRUNGER, LISA SPRUNGER,
JANET PRUNA, JIM EBEL, SUE
EBEL, JEFF RYAN, TERESA RYAN,
JOHN WIGLE, ELANE WIGLE,
CARLOS GOMEZ, CHRISTI GOMEZ,
ROGER CHAPMAN, MARY CHAPMAN,
SCOTT RYAN and AMANDA RYAN,

      Plaintiffs,

v.	Case No.  8:07-cv-1266-T-24-EAJ

CSX REAL PROPERTY, INC., a
Florida corporation, and the CITY OF
WINTER HAVEN, a political subdivision
of the State of Florida,

      Defendants.
_____/

**O R D E R**

This cause comes before the Court on Defendant, the City of Winter Haven's Motion for More Definite Statement and Motion to Dismiss (Doc. No. 7).  Plaintiffs have filed a response in opposition (Doc. No. 10).

**I.**    **Background**

Plaintiffs Don Kiser, Sharon Kiser, Ron Hare, Cheri Hare, David Sprunger, Lisa Sprunger, Janet Pruna, Jim Ebel, Sue Ebel, Jeff Ryan, Teresa Ryan, John Wigle, Elane Wigle, Carlos Gomez, Christi Gomez, Roger Chapman, Mary Chapman, Scott Ryan, and Amanda Ryan (collectively, "Plaintiffs") are all residents of the Sundance Ranch Estates.  Defendant CSX Real Property, Inc. ("CSX") is a real estate company working primarily in industrial development

land sales. Defendant the City of Winter Haven ("Winter Haven") is a Polk County, Florida municipality. CSX is currently in the process of purchasing property from Winter Haven that is immediately adjacent to the Sundance Ranch Estates where Plaintiffs reside (the "target property"). The target property was recently re-zoned as "Heavy Industrial I-2" by Winter Haven's City Commission. Heavy Industrial I-2 is defined as being "intended primarily for manufacturing, or the use of processes or machinery having the potential to cause undesirable effects upon nearby residential or business property." Plaintiffs' Compl. ¶ 6. The Sundance Ranch Estates is an established residential community with a rural and tranquil atmosphere, having what Plaintiffs describe as a "very agrarian feel."

According to Plaintiffs' complaint, CSX is in the process of purchasing the target property from Winter Haven. Plaintiffs also allege that once the purchase is complete, CSX plans to develop the target property "in order to complete its "global" objectives related to [a] proposed industrial development." The proposed industrial development is referred to as a "rail yard" by Plaintiffs, the purpose of which will be to move bulk commodities between different transportation modes, such as between trucks and trains.

Plaintiffs allege that the proposed industrial development is the antithesis of the Sundance Ranch Estates community. On June 8, 2007, Plaintiffs filed a two count complaint naming both CSX and Winter Haven as defendants, in the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida. (Doc. No. 2.) On July 19, 2007, CSX filed a Notice of Removal to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1441, 1446, 1331, 1337, and 1367, to which Winter Haven consented. (Doc. No. 1.) In Count I of their complaint, Plaintiffs request an "entry of a judgment that the proposed industrial development on the target property would constitute a nuisance, and/or constitutes a

2

threatened nuisance, under Florida law, and that any development order and any previous and related action or "formal" decisions on the part of Winter Haven are thereby made null and void." In Count II, Plaintiffs request a permanent injunction be entered enjoining CSX RPI from applying for future development permits, or from commencing or being involved in any construction related to the proposed industrial development of the target property, and also enjoining Winter Haven from issuing any development permits to CSX RPI, or any other person or entity, for construction of the proposed industrial development on the target property. On July 24, 2007, Winter Haven filed the instant motion, to which Plaintiffs responded on August 6, 2007.

**II.**     **Standard of Review**

On a motion for a more definite statement, Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." However, motions for a more definite statement are disfavored under the law. *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993). "A motion for a more definite statement should only be granted when the pleading to which the motion is directed is so ambiguous or vague that a party cannot be reasonably expected to respond." *Eye Care International, Inc. v. Underhill*, 92 F. Supp.2d 1310, 1316 (M.D. Fla. 2000)(citation omitted). "Furthermore, a motion for more definite statement is not to be used as a substitute for discovery." *Id.* (citation omitted).

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *See Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000)(citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). The

Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

### III.   Analysis

The Court will address each of Winter Haven's arguments regarding Counts I and II of Plaintiffs' complaint separately.

**Count I**

In Count I, Plaintiffs request an "entry of a judgment that the proposed industrial development on the target property would constitute a nuisance, and/or constitutes a threatened nuisance, under Florida law, and that any development order and any previous and related action or "formal" decisions on the part of Winter Haven are thereby made null and void." Winter Haven argues that Count I of Plaintiffs' complaint fails to state a claim for relief. Additionally, Winter Haven contends that Count I of Plaintiffs' complaint is so vague and ambiguous as to what Winter Haven has/has not done that Winter Haven cannot reasonably be required to respond. Winter Haven moves this Court to dismiss Count I of Plaintiffs' complaint, or alternatively, to require Plaintiffs to re-plead Count I so that Winter Haven is apprised of which law(s) it has allegedly violated.

In its motion to dismiss Count I of Plaintiffs' complaint, Winter Haven argues that Plaintiffs have failed to state a claim for relief, in that they have not made sufficient allegations

4

necessary to maintain their entitlement to an action for declaratory relief.  A party seeking declaratory relief must show that: (1) there is a bona fide, actual, present practical need for the declaration; (2) the declaration should deal with present, ascertained, or ascertainable state of facts or present controversy as to a state of facts; (3) some immunity, power, privilege, or right of the complaining party is dependent upon the facts or the law applicable to the facts; (4) there is some person(s) who have, or reasonably may have, an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law; (5) the antagonistic and adverse interest is all before the court by proper process or class representation; and (6) the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.  *See Transp. Cas. Ins. Co. v. Soil Tech Distrib., Inc.*, 966 So. 2d 8, 9-10 (Fla. 4th DCA 2007) (citing *May v. Holley*, 59 So. 2d 636, 639 (Fla. 1952)).  Winter Haven contends that Plaintiffs have failed to sufficiently allege the first, fourth, and sixth elements necessary to maintain an action for declaratory relief.  Plaintiffs counter that they have sufficiently pled an action for declaratory relief.

<u>Bona fide present need/actual controversy</u>

Winter Haven first argues that Plaintiffs fail to sufficiently allege that there is a bona fide, actual, present practical need for the declaration.  Winter Haven asserts that Count I of Plaintiffs' complaint simply states in conclusory fashion that there is a bona fide controversy between Plaintiffs and Winter Haven as to whether the proposed industrial development would constitute a nuisance under Florida Law, and that this dispute presents a "justifiable controversy" requiring resolution through a declaration of this Court.  Plaintiffs disagree, and argue that the factual allegations in their complaint clearly put Winter Haven on notice as to the nature of the controversy between the parties.

The specific facts which Plaintiffs contend show a bona fide controversy between the parties are as follows: (1) Winter Haven is currently the owner of the target property; (2) Winter Haven was the governmental authority involved in re-zoning the target property as Heavy Industrial I-2; (3) Winter Haven is aware of CSX's plan to erect an industrial development on the target property; and (4) Winter Haven plans to sell the target property to CSX so that CSX may thereafter erect the proposed industrial development consistent with the target property's zoning designation. Plaintiffs argue that these facts show a bona fide controversy, in that Winter Haven is, at minimum, implying that the proposed industrial development is consistent with the law and the rights of Plaintiffs and that it would not constitute a nuisance under Florida law, while Plaintiffs allege that the proposed industrial development would constitute a nuisance under Florida law.

In viewing the complaint in the light most favorable to Plaintiffs and treating the allegations in the complaint as true, the Court concludes that the complaint states facts to support a finding that a bona fide controversy exists. Winter Haven's position regarding CSX's proposed industrial development is that the proposed industrial development is not a nuisance to Plaintiffs. This position is clearly at odds with Plaintiffs' position, which is that the proposed industrial development is a nuisance. The Court finds that Plaintiffs have sufficiently pled that there is a bona fide, actual, present practical need for the declaration, in that there is a bona fide controversy.

<u>Antagonistic Interests</u>

Winter Haven next argues that Plaintiffs fail to sufficiently allege that they have, or reasonably may have, an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law. Winter Haven seems to contend that Plaintiffs have not sufficiently alleged

that the parties have an actual, present, adverse, antagonistic interest in the subject matter. The Court disagrees, and finds that Plaintiffs have sufficiently shown that the parties have adverse interests in the subject matter, the subject matter herein being the proposed industrial development on the target property.

In an action for declaratory relief, there must be a named defendant with an adverse position. *Jacobs & Goodman, P.S. v. McLin, Burnsed, Morrison, Johnson & Robuck, P.A.*, 582 So. 2d 98, 100 (Fla. 5th DCA 1991)(citing *Brautigam v. MacVicar*, 73 So. 2d 863 (Fla. 1954)). "It is essential that the defendant in a declaratory judgment action be the party or parties whose interest will be affected by the decree." *Id.* (citing *Hanover Ins. Co. v. Publix Market, Inc.*, 198 So. 2d 346 (Fla. 4th DCA 1967)). Winter Haven's interest in the target property is as the current owner and seller, as well as the authority responsible for the target property's zoning designation. Certainly, Winter Haven's interest in the target property would be affected if this Court were to declare that the proposed industrial development on the target property constituted a nuisance. The same is true for Plaintiffs. Their interest in the target property, as neighbors, would also be affected if this Court were to declare that the proposed industrial development did not constitute a nuisance. These interests are adverse to one another. As such, the Court finds that Plaintiffs have sufficiently pled that the parties have an actual, present, adverse, antagonistic interest in the subject matter.

<u>Legal Advice by the Court</u>

Winter Haven's final argument is that Plaintiffs fail to sufficiently allege that the relief sought is not merely the giving of legal advice by the court or the answer to questions propounded from curiosity. The Court notes, however, that Winter Haven does not support this argument in its motion to dismiss. Plaintiffs respond that they are currently in dire straits with

7

regard to the proposed industrial development to be located on the target property. Plaintiffs argue that a declaration of the respective parties' rights regarding whether the proposed industrial development will constitute a nuisance is necessary to help the parties determine what action should or may be taken with regard to the target property and the proposed industrial development. Plaintiffs further contend that such declaration will act as an underlying basis that will assist this Court's determination of whether to grant injunctive relief, as Plaintiffs' request in Count II of their complaint. The Court agrees, and finds that Plaintiffs' complaint sufficiently alleges that the relief sought (here, a declaration that the proposed industrial development on the target property is a nuisance) is not merely the giving of legal advice by the court or the answer to questions propounded from curiosity.

For the reasons stated herein, the Court declines to dismiss Count I of Plaintiffs' complaint for failure to state a claim for relief. The Court notes that in a Rule 12(b)(6) motion to dismiss for failure to state a claim for relief, the Eleventh Circuit has clearly set out the standard of review. *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (cert. denied 525 U.S. 1000 (1998)). "A motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (citing *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957)). Winter Haven has not shown, beyond a doubt, that Plaintiffs can prove no set of facts in support of their claim that would entitle them to declaratory relief.

As an alternative to its motion to dismiss Count I of Plaintiffs' complaint, Winter Haven moves the Court to require Plaintiffs to re-plead Count I of their complaint. Winter Haven argues that Count I of Plaintiffs' complaint fails to identify the legal right in controversy, and therefore, that Winter Haven cannot be reasonably required to frame a responsive pleading.

Plaintiffs respond that the facts and allegations contained within their complaint put Winter Haven on notice as to the nature of the case against it.  Specifically, whether the proposed industrial development on the target property constitutes a legally prohibited nuisance under Florida law.  Upon consideration, the Court finds that Plaintiffs' complaint is not so ambiguous or vague that Winter Haven cannot be reasonably expected to respond.  The legal right in controversy is whether the proposed industrial development on the target property (which Winter Haven currently owns and is in the process of selling to CSX) will be a nuisance to Plaintiffs.  The Court declines to require Plaintiffs to re-plead Count I of their complaint.

**Count II**

In Count II of their complaint, Plaintiffs request a permanent injunction be entered enjoining Winter Haven from issuing any development permits to CSX, or any other person or entity, for construction of the proposed industrial development on the target property.  Winter Haven moves this Court to dismiss this Count for failure to state claim for relief.  At the outset, the Court finds it helpful to consider the elements necessary to establish entitlement to an injunction.  Plaintiffs must sufficiently allege: (1) a clear legal right; (2) irreparable harm if such relief is not granted; and (3) inadequacy of remedy at law.  *See Shaw et al. v. Tampa Elec. Co.*, 949 So. 2d 1066, 1069 (Fla. 2d DCA 2007); *Millenium Commc'n & Fulfillment, Inc. v. Office of the Attorney General*, 761 So. 2d 1256, 1260 (Fla. 3d DCA 2000).

Winter Haven argues that Plaintiffs cannot demonstrate inadequacy of remedy at law or irreparable harm because the loss complained of can be compensated by a monetary award.  Winter Haven contends that Plaintiffs complaint makes conclusory allegations without factual bases that Plaintiffs' remedy at law is inadequate because their damages are of such a nature and magnitude that they cannot be compensated by a monetary award.  Plaintiffs respond that the

factual allegations in their complaint sufficiently show that a monetary award cannot be full or adequate compensation for the loss of their reasonable enjoyment and use of their property. While a monetary award would compensate Plaintiffs for any diminution in value of their homes, it would not provide an adequate remedy for the less tangible "sentimental" and "quality of life" losses Plaintiffs would suffer.

The Court finds that Plaintiffs' complaint contains sufficient factual allegations to support the conclusion that Plaintiffs' remedy at law is inadequate. Specifically, Plaintiffs allege that the proposed industrial development will require around-the-clock lighting, will involve significantly noisy operations, and will be extremely unaesthetic. When Plaintiffs purchased their respective properties, they were also investing in the rural and tranquil atmosphere of the Sundance Ranch Estates. The aforementioned characteristics of the proposed industrial development would prevent Plaintiffs from reasonably enjoying the rural and tranquil atmosphere in which they invested. These allegations could reasonably support a finding that Plaintiffs' harm could not adequately be remedied by a monetary award.

Winter Haven's final argument seems to be that Plaintiffs have not sufficiently alleged irreparable harm since each of Plaintiffs' allegations assert a loss that may occur some time in the future. The Court disagrees, and notes that Winter Haven fails to cite any legal authority for its proposition. Plaintiffs "need not wait until the injury is accomplished before bringing suit, but may ask, as being timely, injunctive relief to prevent the threatened injury." *Lewis v. Peters*, 66 So. 2d 489, 493 (Fla. 1953) (quoting *Rorick v. Board of Commissioners of Everglades Drainage District*, 27 F.2d 377, 382 (N.D. Fla. 1928)).

Upon consideration of the foregoing, the Court declines to dismiss Count II of Plaintiffs' complaint.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant the City of Winter Haven's Motion for More Definite Statement and Motion to Dismiss (Doc. No. 7) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of December, 2007.

                                            SUSAN C. BUCKLEW
                                            United States District Judge

Copies to:
Counsel of Record