UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DON KISER, SHARON KISER,
RON HARE, CHERI HARE, DAVID
SPRUNGER, LISA SPRUNGER,
JANET PRUNA, JIM EBEL, SUE
EBEL, JEFF RYAN, TERESA RYAN,
JOHN WIGLE, ELANE WIGLE,
CARLOS GOMEZ, CHRISTI GOMEZ,
ROGER CHAPMAN, MARY CHAPMAN,
SCOTT RYAN and AMANDA RYAN,

      Plaintiffs,

v.       Case No.  8:07-cv-1266-T-24-EAJ

CSX REAL PROPERTY, INC., a
Florida corporation, and the CITY OF
WINTER HAVEN, a political subdivision
of the State of Florida,

      Defendants.
_____/

**O R D E R**

This cause comes before the Court on Defendant CSX Real Property, Inc.'s Motion to Dismiss for Failure to Join a Party.  (Doc. No. 8.)  Plaintiffs have filed a response in opposition. (Doc. No. 11.)

**I.**     **Background**

Plaintiffs Don Kiser, Sharon Kiser, Ron Hare, Cheri Hare, David Sprunger, Lisa Sprunger, Janet Pruna, Jim Ebel, Sue Ebel, Jeff Ryan, Teresa Ryan, John Wigle, Elane Wigle, Carlos Gomez, Christi Gomez, Roger Chapman, Mary Chapman, Scott Ryan, and Amanda Ryan (collectively, "Plaintiffs") are all residents of the Sundance Ranch Estates.  (Plaintiffs' Compl. ¶ 8.)  Defendant CSX Real Property, Inc. ("CSX RPI") is a real estate company working primarily

in industrial development land sales.  Defendant the City of Winter Haven ("Winter Haven") is a Polk County, Florida municipality.  (*Id.* at ¶ 4.)  Winter Haven currently owns property immediately adjacent to the Sundance Ranch Estates where Plaintiffs reside (the "target property").  (*Id.* at ¶¶ 2, 4.)  The target property was recently re-zoned as "Heavy Industrial I-2" by Winter Haven's City Commission.  (*Id.* at ¶ 6.)  Heavy Industrial I-2 is defined as being "intended primarily for manufacturing, or the use of processes or machinery having the potential to cause undesirable effects upon nearby residential or business property."  (*Id.* at ¶ 6.)  The Sundance Ranch Estates is an established residential community with a rural and tranquil atmosphere, having what Plaintiffs describe as a "very agrarian feel."  (*Id.* at ¶ 9.)

According to Plaintiffs' complaint, CSX RPI is in the process of purchasing the target property from Winter Haven.  (*Id.* at ¶ 3.)  Plaintiffs also allege that once the purchase is complete, CSX RPI plans to develop the target property "in order to complete its "global" objectives related to [a] proposed industrial development."  (*Id.* at ¶ 5.)  The proposed industrial development is referred to as a "rail yard" by Plaintiffs, the purpose of which will be to move bulk commodities between different transportation modes, such as between trucks and trains.  (*Id.* at ¶ 17.)

Plaintiffs allege that the proposed industrial development is the antithesis of the Sundance Ranch Estates community.  (*Id.* at ¶ 13.)  On June 8, 2007, Plaintiffs filed a two count complaint naming both CSX RPI and Winter Haven as defendants, in the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida.  (Doc. No. 2.)  On July 19, 2007, CSX RPI filed a Notice of Removal to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1441, 1446, 1331, 1337, and 1367, to which Winter Haven

consented. (Doc. No. 1.) In Count I of their complaint, Plaintiffs request an "entry of a judgment that the proposed industrial development on the target property would constitute a nuisance, and/or constitutes a threatened nuisance, under Florida law, and that any development order and any previous and related action or "formal" decisions on the part of Winter Haven are thereby made null and void." In Count II, Plaintiffs request a permanent injunction be entered enjoining CSX RPI from applying for future development permits, or from commencing or being involved in any construction related to the proposed industrial development of the target property, and also enjoining Winter Haven from issuing any development permits to CSX RPI, or any other person or entity, for construction of the proposed industrial development on the target property. On July 24, 2007, CSX RPI filed the instant motion, to which Plaintiffs responded on August 7, 2007.

**II.     Discussion**

CSX Transportation, Inc. ("CSXT") provides freight rail transportation services over a rail network of approximately 21,000 miles, across twenty-three states, the District of Columbia, and two Canadian provinces. CSXT is not currently a party in this action. CSXT and CSX RPI are both wholly-owned subsidiaries of CSX Corporation. According to CSX RPI's motion, CSX RPI provided real estate services to CSXT and assisted it with the acquisition of the target property from Winter Haven. CSX RPI states that the agreement for the sale and purchase of the target property is between Winter Haven and CSXT specifically, and that it is CSXT that is proposing to build an industrial development on the target property. CSX RPI alleges that the proposed industrial development "will directly relate to and facilitate CSXT's transportation of freight, consumer goods and automobiles by rail throughout central Florida and the Southeastern

United States."

CSX RPI argues that Plaintiffs' claims should be dismissed because Plaintiffs failed to join CSXT as a party to this action. CSX RPI argues that CSXT's absence: (1) threatens CSXT's interests with respect to its contract with Winter Haven and the proposed industrial development; (2) prevents a complete adjudication of the issues between the parties to this action; and (3) creates the possibility of inconsistent outcomes and duplicitous litigation. In response, Plaintiffs argue that CSX RPI and CSXT "are, for purposes of this action and *practically*, one and the same." Plaintiffs also argue that CSXT's interests can be adequately protected by its corporate affiliate, CSX RPI.

Under Rule 19, there is a two-part test for determining whether a party is indispensable. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279 (11th Cir. 2003). "First, the court must ascertain under the standards of Rule 19(a) whether the [party] in question is one [that] should be joined if feasible. If the [party] should be joined but cannot (because for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue." *Id.* at 1280 (quotation and citation omitted). Rule 19(a) provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

FED. R. CIV. P. 19(a).

Plaintiffs do not dispute that CSXT is the subsidiary of CSX Corporation that contracted

with Winter Haven for the purchase of the target property. Nor do they dispute that the proposed industrial development directly relates to and facilitates CSXT's transportation of freight, consumer goods and automobiles by rail. Plaintiffs essentially argue that despite all of this, CSXT is not a necessary party to this action because CSXT and CSX RPI are, for all intents and purposes, the same—and because they are the same, CSX RPI can adequately protect CSXT's material interests in the litigation.

The Court is not persuaded by Plaintiffs' arguments. Plaintiffs are asking this Court to declare the proposed industrial development a nuisance and enjoin its development. If the Court were to do as Plaintiffs request, it would significantly affect CSXT's interest in the target property and the proposed industrial development. The Court finds that Plaintiffs claims necessarily involve CSXT's legal interests, and that the disposition of this action in CSXT's absence may, as a practical matter impair or impede CSXT's ability to protect its interest. *See* FED. R. CIV. P. 19(a)(2)(i). As such, under Rule 19(a), CSXT should be joined in this action, if feasible. Plaintiffs have not identified any reason why CSXT cannot be joined in this action, such as lack of personal jurisdiction or destruction of complete diversity. *See Focus on the Family*, 344 F.3d at 1280. Accordingly, the Court need not resolve the question of whether CSXT is indispensable or merely necessary under Rule 19(b).

For the reasons stated herein, the Court dismisses Plaintiffs complaint without prejudice, and directs Plaintiffs to amend their complaint to assert claims against CSXT. *See* FED. R. CIV. P. 19(a) ("If the [party to be joined if feasible] has not been so joined, the court shall order that person be made a party.").

**III.    Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant CSX Real Property, Inc.'s Motion to Dismiss for Failure to Join a Party is **GRANTED**. Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is directed to file an amended complaint on or before December 31, 2007.

**DONE AND ORDERED** in Tampa Florida, this 17th day of December, 2007.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge